**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 12-113-DLB-CJS**

**DEBORAH S. BINGHAM**, *et al.*                                                                  **PLAINTIFFS**

vs.                                    **MEMORANDUM OPINION & ORDER**

**INSIGHT COMMUNICATIONS MIDWEST, LLC**                             **DEFENDANT**

*** *** *** ***

## I.  INTRODUCTION

On October 12, 2012, the Court entered its Memorandum Opinion & Order granting Insight Communications' Motion to Dismiss the Binghams' Complaint (Doc. # 21).  The Binghams now move the Court to alter, amend or vacate its Order pursuant to Federal Rule of Civil Procedure 59(e) because the Order contains "several factual inaccuracies" and legal errors (Doc. # 23 at 1).  Notably, however, the Binghams' Motion acknowledges that any potential factual inaccuracies "may be due to [their own] . . . inartful pleading, briefing, or oral argument."  (*Id.*).  Furthermore, in the event the Court denies the Bingham's Rule 59(e) Motion, the Binghams have also moved for leave to amend their Complaint.  (Doc. # 24).  Both motions have been fully briefed (Docs. 25, 28; 24, 26) and are ripe for consideration.  For the reasons set forth below, the Binghams' motions are **DENIED**.

## II.  DISCUSSION

**A.     The Binghams' Motion to Alter, Amend or Vacate (Doc. # 23) pursuant to Federal Rule of Civil Procedure 59(e) is Denied**

1

The Binghams allege that the Court erred in concluding that their Complaint failed to state a viable claim of negligence or respondeat superior. Specifically, the Binghams contend that the Court erred in the following ways: (1) by failing to consider, in its 12(b)(6) analysis, Shelly Mueller's deposition testimony from a related state-court suit; (2) in concluding that Insight did not owe the Binghams a duty of care because their injuries were not foreseeable; (3) by conflating negligence and proximate cause; (4) by refusing to rely on the law of other jurisdictions; and (5) relying on erroneous facts. However, for the following reasons none of the alleged errors compel the Court to alter, amend or vacate its prior Memorandum Opinion and Order pursuant to Rule 59(e).

### 1. Standard of Review

Rule 59(e) is intended to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings. *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999)). They should not be granted based on legal arguments or evidence that the movant failed to raise prior to the original entry of judgment. *Dayton Newspapers, Inc.*, 190 F.3d at 445; *Martinez v. McGraw*, No. 3:08-0738, 2010 WL 1493846, at *2 (M.D. Tenn. Apr. 14, 2010).

### 2. The Court did not err in refusing to consider Mueller's deposition testimony

In its Memorandum Opinion and Order ("Opinion"), the Court stated: "Realizing that she was too intoxicated to drive, [Mueller] asked Scott Justice, a "business invitee" of Insight, to drive her home." (Doc. # 21 at 2). The Binghams acknowledge that this statement is consistent with paragraph eight of the Complaint, which states: "Realizing that she was in no condition to drive home because of consuming alcoholic beverages, defendant allowed a business invitee, one Mr. Scott W. Justice, to drive Ms. Mueller's Mercedes Benz automobile for the stated purpose of taking Ms. Mueller to her home residence in Crescent Springs, Kentucky." (Doc. # 1 at ¶ 8). Despite this consistency, the Binghams argue that the Court erred in making this statement because it is refuted by Mueller's deposition testimony from the related state-court suit, which Plaintiffs' counsel cited during oral argument. In that testimony, Mueller stated that ". . . we kind of agreed earlier in the day that he would drive my car to my house for me." (Doc. # 23-1 at p. 21). The Court did not err in refusing to consider Mueller's deposition testimony.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To achieve this purpose, the court is generally limited to considering the facts pled in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The court is also required to defer to the plaintiff's recitation of the facts by accepting all facts alleged in the complaint as true. *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012). Pursuant to this standard, the Court properly considered only the facts contained in the complaint. In fact, it would have

defeated the purpose of Rule 12(b)(6) for the Court to consider Mueller's deposition testimony. A plain reading of the Complaint suggests Mueller asked Justice to drive her home at the end of the event. The Court accepted that fact as true. *See Boland*, 682 F.3d at 534. Had it considered contradictory materials outside of the Complaint, the Court would not have tested the sufficiency of the Complaint, as it was required to do.

Additionally, the Binghams attempt to fault the Court for refusing to consider contradictory materials at the 12(b)(6) stage is not well received. As previously noted, the Court is required to give the plaintiff deference regarding the facts when considering a 12(b)(6) motion. In turn, the plaintiff is bound by the facts pled in its complaint. If the Complaint misrepresented the facts, which the Binghams now recognize, the Binghams had the ability to file an amended complaint pursuant to Rule 15(a) which contained facts consistent with Mueller's deposition testimony. Having failed to do so, the Court properly considered only the facts contained in the Complaint.

### 3. The Court did not err in concluding that the Binghams failed to state a viable negligence claim against Insight

In its October 12, 2012 Opinion, the Court recognized that while Kentucky law is sparse in this area of negligence jurisprudence, it sufficiently addresses the liability of an employer who serves alcohol to its employees. (Doc. # 21 at 6). As the Court previously held, an employer may be negligent in Kentucky for serving alcohol to an intoxicated employee who later causes a foreseeable injury to a third party. (*Id.* at 7-8) (citing *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 850-52 (Ky. 2005); *Wilkerson v. Williams*, 336 S.W.3d 919, 923 (Ky. App. 2011); *Martin v. Elkins*, – S.W.3d –, No. 2011-CA-862-MR, 2012 WL 3762419, at *1 (Ky. App. Aug. 31, 2012)). However, the

4

Court held that the facts pled in the original Complaint do not support a negligence claim under this rule. Specifically, the Court held that the Insight did not owe the Binghams a duty of care here because the Binghams' injuries were not foreseeable. (Doc. # 6 at 8-9).

The Binghams contend that the Court's holding on their direct negligence claim is erroneous for several reasons. First, the Binghams maintain that their injuries were foreseeable. Relying on *Martin v. Elkins*, – S.W.3d –, No. 2011-CA-862-MR, 2012 WL 3762419 (Ky. App. Aug. 31, 2012), the Binghams suggest that "it should have been foreseeable to Insight that the employees it was serving alcohol to would become intoxicated and act negligently in making driving decisions." (Doc. # 23 at 5). However, the Binghams' reliance on *Martin* does not entitle them to relief under Rule 59(e).

As an initial matter, the Binghams failed to cite *Martin* in briefing the Motion to Dismiss. And because the Kentucky Court of Appeals reached its decision in *Martin* on August 31, 2012, the law announced therein was certainly well-settled while the Motion to Dismiss was being briefed. As a result, the Binghams cannot now rely on *Martin* to raise an argument they should have raised in responding to the Motion to Dismiss. *Martinez v. McGraw*, No. 3:08-0738, 2010 WL 1493846, at *2 (M.D. Tenn. Apr. 14, 2010). Instead, the Binghams' reliance on *Martin* can only entitle them to relief under Rule 59(e) if the case demonstrates that the Court's holding amounted to a clear error of law. *See Gritton*, 332 F. App'x at 238.

Although the Binghams failed to address *Martin* in briefing the Motion to Dismiss, the Court appropriately addressed the decision in its previous Opinion. In fact, the Court previously cited *Martin* for the proposition that a supplier of alcohol is liable for the actions of its intoxicated guests only if those actions are foreseeable. (*See Doc. # 21* at 8). In

5

*Martin*, a homeowner allowed minors to consumer alcohol at his residence. *Martin*, 2012 WL 3762419, at *1. One of the minors became intoxicated and left the premises. *Id.* A short time later, the intoxicated minor assaulted another minor, causing injury. *Id.* The Kentucky Court of Appeals held that the homeowner was not liable to the injured minor because the ensuing fight was not the foreseeable result of serving alcohol. *Id.*

This Court then applied *Martin's* foreseeability analysis to the facts presented here and found that the Binghams' injuries were not foreseeable. Specifically, the Court stated:

> The Complaint alleges that Insight served or encouraged Mueller to become intoxicated. Once intoxicated, Mueller asked an unlicensed driver to take her home; however she was unable to appreciate the dangers of allowing the unlicensed driver to drive her home because of her intoxication. In turn, the unlicensed driver failed to yield the right-of-way and collided with the plaintiffs' vehicle, causing injuries. Despite the Binghams' contentions, this injury was certainly not the foreseeable result of Insight's failure to monitor Mueller's alcohol consumption. Because a duty only applies when the injury is foreseeable, *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999), and the manner in which the Binghams were injured was not foreseeable, Insight owed no duty to the Binghams in this case.

(Doc. # 21 at 8-9). The Binghams now contend that this decision is erroneous in light of *Martin*. The Court disagrees.

In *Martin*, the Kentucky Court of Appeals listed several injuries that a provider of alcohol should foresee when serving alcohol to minors. The court stated, "[m]any ugly outcomes may be foreseeable when minors consume alcohol, including . . . drunk driving accidents . . . ." *Martin*, 2012 WL 3762419, at *3. Applying the logic of this statement, the Binghams argue that "it should have been foreseeable to Insight that the employees it was serving alcohol to would have become intoxicated and act negligently in making driving decisions." (Doc. # 23 at 5). However, the *Martin* decision does not compel this conclusion. The Kentucky Court of Appeals said that it was foreseeable that a minor who

consumes alcohol might be involved in a *drunk driving accident*. Here, there was no drunk driving accident – Mueller was not driving the vehicle, and the Complaint does not suggest that the Justice, the driver, was intoxicated. Accordingly, the Court's prior holding was not inconsistent with *Martin*.

The Binghams raise an additional argument concerning the Court's discussion of foreseeability. The Binghams suggest that the Court "conflated" negligence and proximate cause by discussing the foreseeability of their injuries in the duty analysis. However, under Kentucky law, both the duty and proximate cause elements of negligence include a foreseeability analysis. *Martin* recognizes this rule of law. *Martin*, 2012 WL 3762419, at *2-3. Specifically, the *Martin* Court quoted its prior decision in *Wilkerson v. Williams*, 36 S.W.3d 919 (Ky. App. 2011), in stating that "the foreseeability of the injury defines *the scope and character of a defendant's duty*." *Martin*, 2012 WL 3762419, at *3 (emphasis added). Pursuant to *Martin* and *Wilkerson*, the Court appropriately considered foreseeabilty in its duty analysis, and did not conflate negligence and proximate cause.

The Binghams offer a third reason why the Court's holding on their direct negligence claim was erroneous. As they asserted in their briefing on the Motion to Dismiss, the Binghams continue to argue that the Court should have applied the "employer liability" law of Washington, Ohio, North Carolina, and Michigan. However, the Court addressed this concern in its October 12, 2012 Opinion, stating "[a]lthough Kentucky law is sparse in this area of negligence jurisprudence, it does address the issues presented in this case." (Doc. # 21 at 6). While the Binghams are dissatisfied with this conclusion, they have failed to demonstrate that Kentucky law does not adequately address the issues presented in this case or that the Court misapplied Kentucky law. Accordingly, for the reasons previously

stated, the Court will not apply the law of other jurisdictions here.

In their final claim of error, the Binghams assert that the Court misread the facts of the Complaint in stating that Mueller did not become intoxicated until 6:00 p.m. and that there were no allegations that Insight served Mueller alcohol knowing she was intoxicated. However, this alleged error does not entitle the Binghams to Rule 59(e) relief. As previously stated, the Court refused to apply the law of the other jurisdictions because it held that Kentucky law was sufficient. The Court also found that the facts of this case did not support liability in those jurisdictions. The timing of Mueller's intoxication was relevant to that alternative analysis. For example, the Court stated:

> According to the *Chastain* Court, an employer is liable "if it failed to exercise ordinary care in furnishing, or permitting its employees to furnish, alcoholic beverages to [an employee] knowing that [she] has become intoxicated." [*Chastain v. Litton Systems, Inc.*, 694 F.2d 957, 962 (4th Cir. 1982)]. Here, the Complaint does not allege that Insight served Mueller alcohol knowing that she had become intoxicated. Instead, the Complaint states that Mueller was intoxicated at 6:00 p.m. and left Barleycorn's at 6:10 p.m. There are no allegations that Mueller was served a drink during the ten minute interval, or at any time when Insight *knew* Mueller was intoxicated. Therefore, these allegations are insufficient to hold Insight liable under the law announced in *Chastain*.

(*Id.* at 10). The Court is not convinced that this was a misreading of the Complaint.

The Binghams' argument concerning the timing of Mueller's intoxication also has no bearing on the Court's ultimate reason for dismissing the negligence claim. Applying Kentucky law, the Court's primary justification for dismissing the negligence claim was that the Binghams' injuries were not foreseeable to Insight. The timing of Mueller's intoxication does not affect that conclusion. Accordingly, the Binghams have not shown an error that requires the Court to alter or amend its October 12, 2012 Opinion.

**B.     The Binghams' are not entitled to file an amended complaint after an unfavorable judgment has been entered**

Accompanying their Rule 59(e) motion, the Binghams also move the Court for leave to file a first amended complaint. (Doc. # 24). The Binghams seek to add allegations to bolster both their negligence and respondeat superior claims. Specifically, the Binghams propose amendments to:

>   1.  Directly allege that Shelly Mueller claimed to become intoxicated in the furtherance of her duties as a host to Insight's advertising clients on the date of the Plaintiff's injury;
>
>   2.  Specifically allege that Muller conceived of and executed this plan earlier in the day on the date of injury;
>
>   3.  Specifically allege that Mueller was sober at the time she conceived of this plan and at the time she made the decision to ask Justice to be her designated driver;
>
>   4.  Specify the chronological time line alleged by the Plaintiffs due to the confusion over whether or not Mueller was intoxicated a) before 6:00 p.m. and b) at any time while Insight was furnishing drinks to employees and guests.

(Doc. # 24 at 1-2). However, the Binghams' motion is denied because they are not permitted to amend their Complaint now that a judgment has been entered.

When a plaintiff files a motion to amend *after* a judgment is entered, the district court is not required to "freely give leave when justice so requires" as Rule 15(a)(2) otherwise dictates. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service,* 616 F.3d 612, 615 (6th Cir. 2010). Instead, the plaintiff is only entitled to leave if it can "shoulder a heavier burden" and "meet the requirements for reopening a case established by Rule 59 or 60." *Id.* at 616. The Sixth Circuit requires plaintiffs to meet this higher burden in the post-judgment context to "protect[ ] the finality of judgments and the expeditious termination of litigation." *Id.* at

615. As the *Leisure* Court noted, "[i]f a permissive amendment policy applied after judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Moreover, freely granting leave after a judgment is entered would "sidestep the narrow grounds for obtaining post-judgment relief under Rule 59 or 60, make the finality of judgments an interim concept and risk turning Rule 59 and 60 into nullities." *Id.*

As the Court has previously held, the Binghams have failed to meet the higher burden of Rule 59(e). Specifically, they have failed to demonstrate that the Court made any clear error of law or that an intervening change in the law dictates a different result. Additionally, none of the new allegations in the proposed amended complaint are based on facts that were not previously available to the Binghams. Instead, each of the allegations are based on Mueller's deposition testimony from a related state court case which was available to the Binghams while the motion to dismiss was pending. As a result, the Binghams have failed to meet the Rule 59(e) burden, and their Motion to File a First Amended Complaint is **denied**.

### III.  CONCLUSION

Accordingly, for all of the reasons, **IT IS ORDERED** as follow:

(1)     Plaintiffs' Motion to Alter, Amend, or Vacate (Doc. # 23) is hereby **denied**; and

(2)     Plaintiffs' Motion to File a First Amended Complaint is hereby **denied**.

This 5th day of November, 2012.



G:\DATA\Opinions\Covington\2012\12-113 MOO denying mtn to reconsider and mtn for leave to amend.wpd

11